# Deacon v. Shea, Appellant.

*Negligence—Motor vehicles for hire—Injuries to passengers—Case for jury.*

In an action to recover damages for personal injuries, it appeared that defendant was engaged in transporting persons by motor vehicle for hire and that plaintiff's father contracted with him to furnish an automobile and driver to take him and members of his family, including the plaintiff, to a place designated.  In the course of the trip the car skidded on an icy surface and went over an embankment.  There was evidence that the car was moving at twenty or twenty-five miles an hour, that it was a cold morning, that ice was visible to a person driving along the road, and that the place of the accident was on a down grade.  There was also evidence that the brake did not work properly.

Under such circumstances, the question of defendant's negligence was one of fact and properly submitted to the jury.

Argued Oct. 19, 1925.  Appeal No. 178, October T., 1925, by defendant from the judgment of the Mu-

**374**      DEACON *v.* SHEA, Appel.

Statement of Facts—Opinion of the Court.    [86 Pa. Superior Ct.

nicipal Court of Philadelphia, February T., 1923, No. 1074, on verdict for plaintiff in the case of Sarah Deacon vs. William E. Shea. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CRANE, J.

The facts are stated in the opinion of the Superior Court. Verdict for plaintiff in the sum of $1,000.00 and judgment thereon. Defendant appealed.

*Error assigned* was, among others, refusal of the defendant's motion for judgment non obstante veredicto.

*Henry A. Hoefler*, and with him *Bernard F. Owens*, for appellant.—Carriers are not insurers of the safety of their passengers: Cody vs. Venzie, 263 Pa. 541; Meier vs. Pa. Railroad Co., 64 Pa. 255; McBride vs. McNally, 243 Pa. 206; Fox vs. Philadelphia, 208 Pa. 127.

*John M. Thissell*, and with him *Augustus Trask Ashton*, for appellee.

OPINION BY HENDERSON, J., December 14, 1925.

The defendant was engaged in transporting persons by motor vehicles for hire. The plaintiff's father contracted with him to furnish an automobile and driver to take him and members of his family, including the plaintiff, to a place designated. In the course of the trip, near the City Line bridge in Philadelphia, the automobile went off an embankment at the end of the bridge, in which movement the plaintiff was injured and this action followed. The negligence complained of was that the car was carelessly and negligently operated; that the speed was excessive at the

time and place and that the foot brake of the car was not in order. The accident occurred on the 4th of December. There was evidence that the morning was frosty, "a slippery morning", and that there was a body of ice at the end of the bridge. The accident occurred by reason of the skidding of the car on the icy surface.

The plaintiff's evidence showed that the car was moving at twenty or twenty-five miles an hour and that the ice was visible to a person driving along the road; that the car skidded around twice or three times and in so doing broke through the guard rail at the edge of the embankment, with the result that the rear end of the car was over the bank and the front wheels near the edge of the bank. Two of the witnesses described the morning as "slippery" and the place of the accident was shown to be on a down grade. The foot brake was not used by the driver and the emergency brake did not arrest the movement of the car before it went over the bank. Plaintiff's evidence as to the speed of the car was contradicted by that presented by the defendant and the latter introduced evidence that both of the brakes had been recently inspected and were in good order. On the testimony the appellant contends that the court should have given binding instructions for the defendant or should have entered judgment non obstante veredicto. We have examined the evidence carefully and are unable to accept that view of the case. When we consider the duty of a carrier of passengers and have regard to the testimony as to the place where the accident occurred and the condition and width of the road we regard the question as one of fact properly submitted to the jury.

The assignments of error are overruled and the judgment is affirmed.